# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH, | CASE NO. 1:12-cv–00916-LJO-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| HERNANDEZ, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Isabel Tubach, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed the complaint in this action on June 6, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

## II. Discussion

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff brings this action alleging that Defendant Guzman is sending her roommate, who is a psychotic monster, to murder her by poison because Plaintiff filed a lawsuit against him. Plaintiff also alleges that Defendant Guzman is sending all the officers that work with him in the Program B office, and his male sex partners, to rape, sodomize, and poison Plaintiff. Plaintiff claims that Defendant Guzman has caused her to have ten heart attacks and strokes and she is bleeding due to rectal cancer.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). For *each* defendant named,

1  Plaintiff must show a causal link between the violation of his rights and an action or omission of the
2  defendant. Iqbal, 556 U.S. at 677-78, 129 S. Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06
3  (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).
4        Here, Plaintiff has not set forth any factual allegations and her complaint is merely conslusory
5  allegations that are insufficient to state a claim. Additionally, although Plaintiff names multiple
6  defendants, the complaint is devoid of any factual allegations linking any of the named defendants
7  to any viable claims for relief arising out of the violation of Plaintiff's federal rights.

**III.   Conclusion and Order**

9        For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
10 a violation of her constitutional rights. Plaintiff is granted leave to file an amended complaint within
11 thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the
12 nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507
13 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).
14       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
15 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
16 Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the
17 duties and responsibilities of each individual defendant whose acts or omissions are alleged to have
18 caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although
19 accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
20 speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).
21       Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
22 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
23 be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All
24 causes of action alleged in an original complaint which are not alleged in an amended complaint are
25 waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th
26 Cir. 1981)); accord Forsyth, 114 F.3d at 1474.
27       Based on the foregoing, it is HEREBY ORDERED that:
28       1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed June 6, 2012, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   July 23, 2012                    /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE